LODGED
CLERK, U.S. DISTRICT COURT

JUN 7 2006

CENTRAL DISTRICT OF CALIFORNIA
BY

FILED
CLERK, U.S. DISTRICT COURT

JUL - 5 2006

CENTRAL DISTRICT OF CALIFORNIA
BY

SCANNED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| INMATE # Reg#06212041 | | CASE NUMBER |
|---|---|---|
| Samuel Haywood Myles | PLAINTIFF(S) | CV-06-2281    (PLA) |
| v. | | |
| B. Henson, et al; | DEFENDANT(S). | ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE |

**IT IS ORDERED** that the complaint **be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid withing thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwareded to the Court in accordance with 28 U.S.C. § 1915.

_____     THIS CONSTITUTES NOTICE OF ENTRY
Date                        AS REQUIRED BY FRCP, RULE 77(d).        _____
                                                                    United States Magistrate Judge

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

[X] Inadequate showing of indigency
[ ] Failure to authorize disbursements from prison trust account to pay filing fee
[ ] Failure to provide certified copy of trust fund statement for the last six (6) months.
[X] Other: See attached

[ ] District Court lacks jurisdiction
[ ] Immunity as to _____
[X] Legally and/or factually patently frivolous

ENTERED
CLERK, U.S. DISTRICT COURT

│ │ 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

Comments:  Question No.5 on Request to Proceed not answered.

_____6/15/06_____                        _____
Date                                     United States Magistrate Judge

IT IS ORDERED that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:
            [ ] GRANTED        [X] DENIED (See comments above).

_____6/30/06_____     DOCKETED ON CM          _____
Date                                          United States District Judge
                      JUL 11 2006
                                                                    3



# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SAMUEL HAYWOOD MYLES,       ) | No. CV 06-2281 |
|            Plaintiff,    ) | **ATTACHMENT TO ORDER DENYING** |
|                     ) | **PLAINTIFF'S APPLICATION TO FILE** |
|           v.         ) | **ACTION WITHOUT PRE-PAYMENT OF** |
|                     ) | **FILING FEE** |
| B. HENSON, et al.,            ) | |
|                     ) | |
|            Defendants.    ) | |

Plaintiff's claims, if any, appear to arise under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), rather than 42 U.S.C. § 1983. However, plaintiff's allegations do not appear to state a claim upon which relief may be granted against any defendant.  To the extent that plaintiff is alleging that he was deprived of property without due process, such a claim fails because the mere loss of personal property from a hobby shop does not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  See Sandin v. Connor, 515 U.S. 472, 483-84, 486, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).  Moreover, plaintiff may not state a due process claim for the random and unauthorized act of a federal employee if an adequate postdeprivation remedy exists. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) (holding that due process was not violated when government official intentionally deprived individual of property,

1   provided meaningful postdeprivation remedy was available).  Such a remedy exists in the Prison

2   Administrative Remedy Program.  See 28 C.F.R. §§ 542.10-542.17.  Finally, plaintiff may not state

3   a claim under the Federal Tort Claims Act (FTCA) because an exception to the government's

4   waiver of immunity from suit exists for "any claim arising in respect of . . . the detention of any

5   goods, merchandise, or other property by . . . any . . . law enforcement officer."  28 U.S.C. §

6   2680(c). This exception extends to prison guards, see United States v. Lockheed L-188 Aircraft,

7   656 F.2d 390, 397 (9th Cir. 1979), as well as to claims arising from "negligent handling or storage

8   of detained property."  Kosak v. United States, 465 U.S. 848, 854, 104 S. Ct. 1519, 79 L. Ed. 2d

9   860 (1984).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28